## WILLIMS *v.* MANGUM.

EVANS, J.   1. The controlling question in this case being whether the defendant had rented certain premises for a term which had not expired, as claimed by the plaintiff, prior to the time he sued out a distress warrant for rent, and the evidence bearing on this issue being conflicting, the court below did not err in declining, on certiorari, to set aside the verdict in favor of the defendant, returned in the magistrate's court in which the suit originated.

2. Though the defense was, that, at the time the plaintiff made a demand for the payment of ten days' rent, the defendant admitted he was liable under his contract of rental to pay a month's rent in advance and offered to pay the same on condition that he should be given a receipt therefor, which offer was declined by the plaintiff, the latter was not entitled to a verdict for a month's rent if the jury found this defense was sustained, notwithstanding the defendant made a continuing tender of the amount thereof and paid it into the registry of the magistrate's court.    This is so for the reason that as the plaintiff, on the trial, refused to accept this tender and elected to prosecute his suit, he was bound to abide its result and to suffer judgment against him in the event the jury found adversely to his contention as to the time the defendant's term of rental expired.

3. The magistrate erred in admitting in evidence a bill of sale to personalty, executed at the time of the alleged contract of rental of the premises but which in no way illustrated any issue in the case.    While this evidence was wholly irrelevant and immaterial, it was not calculated to operate to the prejudice of the plaintiff, and the error committed in admitting it was not such as to require another hearing of the case in the magistrate's court. The court below correctly so held.

*Judgment affirmed.    All the Justices concur.*

Submitted February 7,—Decided March 4, 1905.

Certiorari.    Before Judge Lumpkin.    Fulton superior court. July 29, 1904.

*W. Perry Bloodworth, Hugh M. Dorsey,* and *L. C. Rucker,* for plaintiff.    *James E. Warren,* for defendant.